UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID CANTRELL,

        Plaintiff,

  v.

SUBDIVISION AGENCY AGENTS, *et al.*,

        Defendants.

Case No.  C05-5459RBL

ORDER TO SHOW CAUSE

This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis* and the submission of a complaint for service.  The Court, having reviewed the record finds the following deficiencies:

1. Plaintiff's complaint is deficient.  Plaintiff names the "Subdivision Agency Agents" and "DOC Shelton IMU" as defendants in the caption of his complaint.  The complaint alludes to the denial of or theft of plaintiff's personal property.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in

ORDER
Page - 1

causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982). An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law. Hudson v. Palmer, 468 U.S. 517 (1984). The State of Washington provides a meaningful post-deprivation remedy for the intentional or negligent loss of property by state agents and employees. Jeffries v. Reed, 631 F. Supp. 1212, 1216 (E.D. Wash. 1986). Here plaintiff's complaint appears to merely allege a deprivation of property and fails to name any individual who personally participated in the alleged deprivation.

Accordingly, this court orders the following:

(i) Plaintiff shall seek to cure these deficiencies by filing **an amended complaint on the court approved form by not later than September 23, 2005.** If plaintiff fails to cure these deficiencies this court will recommend dismissal of this matter.

(ii) The Clerk is directed to send copies of this Order, the § 1983 Civil Rights Complaint form, and the General Order to plaintiff.

DATED this 16th day of August, 2005.

/s/ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate Judge