1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID CANTRELL,<br><br>              Plaintiff,<br><br>    v.<br><br>SUB DIVISION AGENCIES *et al.*,<br><br>              Defendants. | Case No.  C05-5459RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**<br>**December 16th, 2005** |

       This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff has failed to comply with a court order to file a second amended complaint.  (Dkt. # 11) The court therefore recommends DISMISSAL WITHOUT PREJUDICE  for failure to prosecute and failure to obey a court order.

FACTS

       Plaintiff is an inmate serving a sentence with the state department of corrections.  Plaintiff filed this action in July of 2005.  (Dkt. # 1).  The original complaint named only state agencies as defendants.  Plaintiff complained of loss of property.  (Dkt. # 5).  The court entered and order to show cause.  (Dkt. # 6).

       In response to the order to show cause plaintiff filed a convoluted and confusing amended complaint that attacks his current confinement and is a combination of civil rights action, and habeas corpus petition.

(Dkt. # 10). The statement of the facts begins "Teeth bites, nail cuts, inclusions of tissue damage, bruises, saliva spit inflicted by state's witness J. Carter." (Dkt. # 10, page 3, statement of claim). The document is a violation of Fed. R. Civ. P. 8. It is not a clear short statement of the case and does not properly identify who the defendants are. Plaintiff challenged his current confinement and included a "habeas check list." The court ordered plaintiff to file a second amended complaint. (Dkt. # 11). Plaintiff has not done so and instead filed a letter with the clerks office indicating he wished the defendants to be found in default. (Dkt. # 12). Plaintiff has now filed an "application for foreclosure". (Dkt. # 13).

Plaintiffs' failure to file a proper complaint, his mixing of civil rights and habeas claims, and the convoluted filings to date indicate plaintiff does not intend to comply with the court's order. The court therefore recommends this action be **DISMISSED WITHOUT PREJUDICE**

DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). A plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). Section 1915(e) of the PLRA requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim. 28 U.S.C. § 1915; Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998).

Here, the original complaint did not name a person. The amended complaint is in violation of Fed. R. 8 (a) and is a convoluted mix of habeas and civil rights claims without proper identification of the named

REPORT AND RECOMMENDATION
Page - 2

1 defendants. Plaintiff has now been given two opportunities to submit a viable complaint and he has failed
2 to do so. Moreover, plaintiff has failed to comply with a court order to submit a second amended
3 complaint.
4       The plaintiff is proceeding *in forma pauperis* and the complaint fails to state a claim. The court
5 now recommends **DISMISSAL WITHOUT PREJUDICE.**

CONCLUSION

7       This action fails to state a claim. Plaintiff has been given two opportunities to file a viable complaint
8 and has not responded to a court order. This action should be **DISMISSED WITHOUT PREJUDICE.** A
9 proposed order accompanies this Report and Recommendation.
10       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
11 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ.
12 P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v.</u>
13 <u>Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
14 set the matter for consideration on **December 16th, 2005**, as noted in the caption.

17       DATED this 30th, day of November, 2005.

                                          <u>/S/ *J. Kelley Arnold*</u>
                                          J. Kelley Arnold
                                          United States Magistrate Judge